*S. Major*, for appellant.

*M. M. Ray*, for appellees.

---------◆---------

CONRAD *v.* JOHNSON.

AWARD.—SERVICE OF COPY.—A copy of an award was handed by one of the arbitrators to a son of the party upon whom it was to be served, sixteen years of age, in the yard, near the door of the house, the son being at the time left in charge of the house, and the paper was by the son immediately taken within the house.

*Held*, that the service was a sufficient delivery at the house, within the meaning of section 11, 2 G. & H., 344.

APPEAL from the *Cass* Circuit Court.

RAY, J.—This cause was submitted to arbitration by agreement of parties. Mutual bonds, in the same penalty, were executed by each to the other, dated *March* 4th, 1858;

stipulating, among other things, that the parties should abide by and perform the award, which was to be made in writing and delivered to the parties on or before the 1st day of *April* next ensuing.

On the trial, *Chesnut,* one of the arbitrators, testified that he served a copy of the award on the appellant by leaving the same at his house; that he gave it to *John,* a son of appellant, who was 16 or 17 years of age, in the yard, in front of the house; that he went to the appellant's house on horseback, saw his son *John* and asked him for his father, he said he was not at home; then asked for his mother, he said she was not at home; that he then got off his horse and went inside the yard, and gave the award to *John* near the door, telling him to deliver it to his father when he got home. The daughter of the appellant states that she placed the paper on a table, in a book.

Was this a proper service under the statute? 2 G. & H., § 11, p. 344. This section provides that "a true copy of the award, and of the costs aforesaid, shall be delivered to each of the parties, or left at his last usual place of residence."

There was evidence by the son and daughter of the appellant that *Chesnut* did not get off his horse, but delivered the papers to the son at the gate. Taking the evidence of *Chesnut* as true, which we must assume, as the court seems to have so regarded it, we consider the service a compliance with the statute. The delivery to the son of the appellant, within the door yard, near the door of the residence, the son being 16 or 17 years of age, and with his younger sister left in charge of the premises, and the papers being immediately taken within the residence, we hold to be a sufficient delivery at the residence of the appellant. In *South Carolina,* it was held that giving a copy of a writ to one of the defendant's negro servants, in the piazza of his dwelling house, is a leaving of it "at some obvious part of the house," and is a good service. *Alston* v. *Bowers,* 1 N. & M. 458. We think the evidence of *Chesnut* tended to

prove the service of the copy within the time limited, and we cannot, therefore, disregard the finding of the court on this point.

The appellant proved that the copy of the award given to his son never came into his hands. On the trial, one of the attorneys of the appellee testified "that he was of the opinion" that at the term of court before the one at which the trial took place, he served on the attorneys of the appellant a written notice to produce on the trial the original copy of the award which was served on him. It is agreed that four hours before entering upon the trial, written notice was served on the attorneys of the appellant to produce said copy. Upon this evidence the court below permitted the appellee, over the objection of the appellant, to prove the contents of the paper served on him. It is urged that the court erred in permitting the contents of the paper to be proved by parol, because the paper never came into the hands of the appellant, and because the proper foundation for such proof was not laid.

The statute having declared the delivery of the paper sufficient, the only question remaining is as to the proof of notice to produce the award. The court may have regarded the statement made by the attorney, of his belief that such notice had been given at a former term, as sufficient, or the defendant's residence may have been so near that a notice of four hours before the trial would afford time to produce the paper. We cannot, without a knowledge of the facts, question the action of the court.

The judgment is affirmed, with five per cent. damages and costs.

*W. Z. Stuart*, for appellant.

*D. D. Pratt* and *D. P. Baldwin*, for appellee.